IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2006

## MARK TOMLIN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
No. C04-117    Lee Moore, Judge

_____

**No. W2005-02043-CCA-R3-PC  - Filed December 5, 2006**

_____

The Petitioner, Mark Tomlin, pled guilty to one count of possession of under 0.5 grams of cocaine with intent to sell.  The Petitioner petitioned for post-conviction relief claiming that he had received the ineffective assistance of counsel.  The post-conviction court dismissed the post-conviction petition, and we affirm that judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID G. HAYES, J., joined.

Jason R. Creasy, Dyersburg, Tennessee, for the appellant, Mark Tomlin.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Facts**

Pursuant to a plea agreement, the Petitioner pled guilty to possession of under 0.5 grams of cocaine with intent to sell and was sentenced to three years of confinement, consecutive to a twelve year sentence that he was serving.

At the guilty plea hearing on May 25, 2004, the District Attorney offered the following factual basis for the Petitioner's guilty plea: the police department was informed that the Petitioner was in a motel room with an unknown quantity of drugs.  The police went to the motel and found the manager sweeping outside the room.  The police asked the manager if the Petitioner was staying

in the room and the manager replied, "Yes." Then, without being asked, the manager opened the door for the police. The police went in and saw the Petitioner. They asked him if he had any drugs, and the Petitioner responded, "No." The District Attorney then stated that the police asked the Petitioner if they could search the room, and he told them they could. The police searched the room with "no results." They then asked the Petitioner if they could search him, and he said they could. The police then found the drugs and some cash.

At the post-conviction hearing, the Petitioner testified that he was in the bathroom of the motel room when he heard knocking, then a key opened the door, and the police came into the room. He said that the police did not find anything during their search of the room and then the police officers put their hands into his pockets. He claimed he did not give them permission to search his person. He testified that he told this to his attorney, Steve Davis, and his previous attorney on unrelated charges, Charles Kelly.[1] The Petitioner also stated he did not ask Mr. Davis to file a motion to suppress, but he expected them to do what was necessary for his defense.

Following the search, it is undisputed the Petitioner was arrested, and the drugs were sent off for testing as to the amount. On February 3, 2004, the Petitioner was in court on two unrelated charges, represented by Mr. Kelly. Before and at that hearing, Mr. Kelly and the District Attorney discussed the "motel charge."[2] The District Attorney testified at the post-conviction hearing that he felt there was no need for the Petitioner to have a misdemeanor drug charge on his record with what he was then facing on the two unrelated charges, so, he told Mr. Kelly that if the lab results returned "misdemeanor amounts," he would not seek an indictment. Mr. Kelly did not dispute this.

The Petitioner testified that he believed that he would be pleading to all the charges against him, including the "motel charge." Then, on February 3, 2004, the Petitioner actually pled guilty to the two unrelated charges, and when the lab results came back with felony amounts, the Petitioner was indicted on the "motel charge." At that point, Mr. Davis took over the representation of the Petitioner.

The Petitioner's claim for the ineffective assistance of counsel stems from Mr. Davis's representation. The Petitioner claims that Mr. Davis should have made a motion to enforce the plea agreement from February 3, 2004, which the Petitioner believes should have encompassed the "motel charge." Additionally, the Petitioner claims that Mr. Davis should have made a motion to suppress the evidence seized from the motel because it was the product of an illegal search, conducted without his permission and without a warrant.

At the post-conviction hearing, Mr. Davis stated that he believed the door to the room was opened with permission and that there was no forced entry. He also stated that he believed what

---

[1]Mr. Kelly and Mr. Davis were associates. Mr. Kelly represented the Petitioner for some period of time and was continuing to represent him up to this last charge, at which point Mr. Davis took over.

[2]Apparently, all parties have referred to the charge out of which this case arises as the "motel charge" in order to distinguish it from the two unrelated charges for which the Petitioner was in court, represented by Mr. Kelly.

occurred was a <u>Terry</u> frisk, which turned up the cocaine and marijuana in question. He stated he believed the search was legal. Mr. Davis also testified that he could not recall if the Petitioner asked him to file a motion to suppress, but that if the Petitioner had asked him he would have filed one.

As to the February 3, 2004, plea agreement, Mr. Davis stated that he thought everything was going to be pled together, and he was surprised when Mr. Kelly told him the "motel charge" was not included. He stated that he talked with the District Attorney, and the District Attorney told him that the "motel charge" was only to be dropped if the lab results returned misdemeanor amounts. Mr. Davis also testified that the Petitioner was surprised to hear the "motel charge" was not included. Mr. Davis stated that he believed the Petitioner was surprised because he and Mr. Kelly told the Petitioner the charge was to be included.

Finding the Petitioner received the effective assistance of counsel and the Petitioner's guilty plea was not constitutionally defective, the post-conviction court dismissed the petition.

## II. Analysis

On appeal, the Petitioner claims that the trial court erred when it dismissed his petition for post-conviction relief because he was denied the effective assistance of counsel. He asserts that counsel was ineffective in failing to file a motion to suppress and failing to file a motion to enforce the plea agreement. The Petitioner claims that because he did not receive the effective assistance of counsel, his guilty plea, entered on May 25, 2004, was not knowing, voluntary, and intelligent. The State counters that the Petitioner's petition is without merit.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. <u>Momon v. State</u>, 18 S.W.3d 152, 156 (Tenn. 1999); <u>Henley v. State</u>, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. <u>Fields v. State</u>, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. <u>Id.</u> at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. <u>State v. White</u>, 114 S.W.3d 469, 475 (Tenn. 2003); <u>State v. Burns</u>, 6 S.W.3d 453, 461 (Tenn. 1999); <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's

evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Melson, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citing Strickland, 466 U.S. at 688 (1984)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. Denton v. State, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. House, 44 S.W.3d at 515 (citing Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996)). However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. House, 44 S.W.3d at 515.

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the Strickland test by demonstrating "there is a

-4-

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Again, in the case before us, the Petitioner claims that Counsel was ineffective because he failed to file two motions, a motion to suppress and a motion to enforce the plea agreement. The Petitioner also claims that because he did not receive the effective assistance of counsel, his guilty plea, entered on May 25, 2004, was not knowing, voluntary, and intelligent. The post-conviction court found the Petitioner did not carry his burden of proof because he did not present any evidence as to whether the motion to suppress would have been successful. As to the motion to enforce the plea agreement, the Petitioner offered no evidence that there was in fact any agreement between the District Attorney and his counsel that would absolutely include the "motel charge." Instead, it appears there was a miscommunication between the Petitioner and Mr. Kelly, which led the Petitioner to believe that the "motel charge" was included in the February 3, 2004, guilty plea. Because there was no plea agreement that absolutely included the "motel charge," it was not unreasonable for Mr. Davis to not file a motion to enforce a plea agreement. There was no plea agreement that applied to the "motel charge." There was merely a discussion that if the lab results came back with misdemeanor amounts of drugs, the District Attorney would not pursue the "motel charge." This issue is without merit.

Next, the Petitioner claims that a motion to suppress should have been filed concerning the money and drugs found on the Petitioner's person when he was searched in the motel room. The Petitioner claims that he repeatedly told Mr. Davis that he believed the search was illegal. The Petitioner does not claim that he asked Mr. Davis to file the motion, and Mr. Davis agrees that he was not asked to do so

If the Petitioner had rejected the plea agreement for the "motel charge," he faced the possibility of twelve to twenty years in prison. Under the plea agreement, the Petitioner was to receive a sentence of three years. Mr. Davis acted within the range of competence when he advised the Petitioner to plead guilty and receive a three-year sentence under the plea agreement and avoid going forward. We agree with the post-conviction court that the Petitioner has not met his burden of proving Mr. Davis was objectively unreasonable and not functioning as counsel as guaranteed by the U.S. and Tennessee Constitutions.

Even if Counsel was objectively unreasonable in not making a motion to suppress, the Petitioner has failed to prove he was prejudiced. When a petitioner claims ineffective assistance of

counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Because the Petitioner did not present any evidence which would indicate that a motion to suppress would be successful other than his own testimony that he believed that the search was illegal, the post-conviction court had no basis to find that the Petitioner was prejudiced by the lack of a motion to suppress.[3] Generally, "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We may not speculate on what benefit these witnesses might have offered to the petitioner's case, and we may not guess as to what evidence further investigation may have uncovered. Id. at 757-58. Accordingly, the Petitioner has failed to demonstrate prejudice in this regard. The Petitioner is not entitled to relief on this issue.

The post-conviction court found that the Petitioner did not prove by clear and convincing evidence that Counsel was objectively unreasonable or that he was prejudiced by Counsel's conduct. We conclude the evidence does not preponderate to the contrary. We also agree with the post-conviction court's application of the law. Counsel's actions fell within the "wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462.

If the Petitioner was denied the effective assistance of counsel on or before his guilty plea, it might be argued that he did not enter the guilty plea according to the standards set out by the United States Supreme Court. According to Boykin v. Alabama, our chief concerns when dealing with a guilty plea are ensuring that the plea is entered into in a knowing, intelligent, and voluntary way. 395 U.S. 238, 242-44 (1969). The Tennessee Supreme Court has specified the following factors to consider when determining whether a guilty plea was properly entered:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including desire to avoid a greater penalty that might result from jury trial.

Powers v. State, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993)).

---

[3]We also note that the District Attorney specifically stated at the guilty plea hearing on May 25, 2004, "[The police] advised Mr. Tomlin as to the reason they were present and if he had any drugs or of any drug activity. He stated no, Your Honor. They asked for permission to search and he replied that they could. They searched the room with no results, Your Honor. They then asked Mr. Tomlin if they could search his person, he agreed." In his guilty plea colloquy with the trial court judge, the judge asked, "Are the facts as Mr. Bivens has summarized them, are those facts correct?" The Petitioner responded, "Yes, sir."

In applying the factors listed above, we agree with the State that the Petitioner entered his plea in a knowing, voluntary, and intelligent way. From the testimony, it appears that the Petitioner is able to read and write, he has been involved with the criminal system before, and he was represented by competent counsel, as outlined above. The Petitioner testified that he discussed with his attorney the issue of accepting the plea agreement and receiving three years instead of going to trial and risking receiving twelve to twenty years. The law is clear that "an otherwise valid guilty plea does not become voluntary merely because it is induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial." Newsom v. State, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998). Thus, we conclude that the evidence does not preponderate against the ruling by the post-conviction court; the Petitioner has not met his burden.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE